UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SESEN BIO, INC. DERIVATIVE LITIGATION | Lead Case No.: 1:21-cv-11538-RGS |

**PRELIMINARY APPROVAL ORDER**

Derivative Plaintiffs[1] have made an unopposed motion, pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, for an order: (i) preliminarily approving the proposed settlement ("Settlement") of stockholder derivative claims brought or threatened on behalf of Sesen Bio ("Sesen Bio," or the "Company") in accordance with the Stipulation of Settlement dated August 22, 2022 (the "Stipulation"); (ii) approving the form and manner of the notice of the Settlement; and (iii) setting a date for the Settlement Hearing.[2]

WHEREAS, the Stipulation sets forth the terms and conditions for the Settlement, including, but not limited to a proposed Settlement and dismissal with prejudice of the above-captioned consolidated stockholder derivative action brought on behalf of Sesen Bio (the

---

[1] "Derivative Plaintiffs" refers to plaintiffs Joshua Myers ("Myers") and Peter D'Arcy ("D'Arcy"), in the above captioned action, Lead Case No.: 1:21-cv-11538-RGS. The proposed settlement would also resolve the claims of plaintiff Hao Tang ("Tang") ("State Plaintiff") in the shareholder derivative action captioned *Tang v. Cannell, et al.*, Case No. 2281-cv-00135, pending in the Superior Court of Massachusetts (Middlesex County), as well as the potential claims of stockholders Jeremy Spence ("Spence") and Brian Moran ("Moran") who, in letters dated October 29, 2021 and June 23, 2022, respectively, demanded that Sesen Bio produce books and records pursuant to Section 220 of the Delaware General Corporations Law.

[2] Except as otherwise expressly provided below or as the context otherwise requires, all capitalized terms contained herein shall have the same meanings and/or definitions as set forth in the Stipulation.

"Consolidated Action") and the resolution of plaintiff Hao Tang's claims in the State Action, the Spence 220 Demand and the Moran 220 Demand.

WHEREAS, the Court having: (i) read and considered Plaintiffs' Unopposed Motion for Preliminary Approval of Derivative Settlement together with the accompanying Memorandum of Points and Authorities; (ii) read and considered the Stipulation, as well as all the exhibits attached thereto; and (iii) heard and considered arguments by counsel for the Derivative Plaintiffs and Defendants ("Settling Parties") in favor of preliminary approval of the Settlement;

WHEREAS, the Court finds, upon a preliminary evaluation, that the proposed Settlement falls within the range of possible approval criteria, as it provides a beneficial result for Sesen Bio and appears to be the product of serious, informed, non-collusive negotiations overseen by an experienced mediator; and

WHEREAS, the Court also finds, upon a preliminary evaluation, that Sesen Bio stockholders should be apprised of the Settlement through the proposed form and means of notice, allowed to file objections, if any, thereto, and appear at the Settlement Hearing.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. This Court, for purposes of this order ("Preliminary Approval Order"), adopts the definitions set forth in the Stipulation.

2. This Court preliminarily approves, subject to further consideration at the Settlement Hearing described below, the Settlement as set forth in the Stipulation as being fair, reasonable, and adequate.

3. A hearing shall be held *via Zoom* on __*Nov. 8*__, 2022 at *2:00* p.m., before the Honorable Richard G. Stearns, at the U.S. District Court for the District of Massachusetts, 1

Courthouse Way, Courtroom 11, Boston, Massachusetts 02210 (the "Settlement Hearing"), at which the Court will determine: (i) whether the terms of the Stipulation should be approved as fair, reasonable, and adequate; (ii) whether all Released Claims against the Released Persons should be fully and finally released; (iii) whether the agreed-to Fee and Expense Award as well as the Service Awards should be approved; and (iv) such other matters as the Court may deem appropriate.

4. The Court finds that the form, substance, and dissemination of information regarding the proposed Settlement in the manner set out in this Preliminary Approval Order constitutes the best notice practicable under the circumstances and complies fully with Rule 23.1 of the Federal Rules of Civil Procedure and due process.

5. Within ten (10) days after the entry of the Preliminary Approval Order, Sesen Bio shall: (1) post a copy of the Notice of Pendency and Proposed Settlement of Stockholder Derivative Actions ("Notice") and the Stipulation and exhibits thereto on the Company's website; (2) publish the Notice one time in an edition of *Investor's Business Daily*; and (3) file the Notice and Stipulation and exhibits thereto as an attachment to a Form 8-K with the SEC. The Notice shall provide a link to Sesen Bio's website where the Notice and Stipulation and exhibits thereto may be viewed through the date of the Settlement Hearing.

6. Sesen Bio shall undertake the administrative responsibility for giving notice to Current Sesen Bio Stockholders and shall be solely responsible for paying the costs and expenses related to providing notice to Current Sesen Bio Stockholders.

7. No later than twenty (20) days following entry of the Preliminary Approval Order, Defendants' Counsel shall file with the Court an appropriate affidavit or declaration with respect to posting, publishing, and filing the notice of the Settlement as provided for in paragraph 5 of this Preliminary Approval Order.

8. All Current Sesen Bio Stockholders shall be subject to and bound by the provisions of the Stipulation and the releases contained therein, and by all orders, determinations, and judgments in the Consolidated Action concerning the Settlement, whether favorable or unfavorable to Current Sesen Bio Stockholders.

9. Pending the Effective Date or the termination of the Stipulation according to its terms, Plaintiffs and all Current Sesen Bio Stockholders, and anyone who acts or purports to act on their behalf, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims derivatively against any of the Released Persons in any court or tribunal.

10. Any Current Sesen Bio Stockholder may appear and show cause, if he, she, or it has any reason why the Settlement embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered hereon, or the Fee and Expense Award or Service Awards should not be awarded.  However, no Current Sesen Bio Stockholder shall be heard or entitled to contest the approval of the proposed Settlement, or, if approved, the Judgment to be entered hereon, unless that Sesen Bio stockholder has caused to be filed, and served on counsel as noted below, written objections stating all supporting bases and reasons for the objection, and setting forth proof, including documentary evidence, of current ownership of Sesen Bio stock and ownership of Sesen Bio stock as of August 22, 2022.

11. At least twenty-one (21) calendar days prior to the Settlement Hearing, any such person must file the written objection(s) and corresponding materials with the Clerk of the Court, U.S. District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210 and serve such materials by that date, to each of the following Parties' counsel:

*Counsel for Plaintiffs:*                              *Counsel for Defendants:*

| | |
|---|---|
| Timothy Brown<br>The Brown Law Firm, P.C.<br>767 Third Avenue, Suite 2501<br>New York, NY 10017<br><br>Thomas J. McKenna<br>Gregory M. Egleston<br>Gainey McKenna & Egleston<br>501 Fifth Avenue, 19th Floor<br>New York, NY 10017 | William M. Regan<br>Allison M. Wuertz<br>Maura Allen<br>Hogan Lovells US LLP<br>390 Madison Avenue<br>New York, NY 10017 |

12. Only stockholders who have filed with the Court and sent to the Settling Parties' counsel valid and timely written notices of objection will be entitled to be heard at the hearing unless the Court orders otherwise.

13. Any Person or entity who fails to appear or object in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement and to the Fee and Expense Award and Service Awards, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered and the releases to be given as set forth in the Stipulation.

14. Derivative Plaintiffs shall file their motion for final approval of the Settlement at least twenty-eight (28) calendar days prior to the Settlement Hearing. If there is any objection to the Settlement, Derivative Plaintiffs shall file a response to the objection(s) at least seven (7) calendar days prior to the Settlement Hearing.

15. All proceedings in this Consolidated Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Preliminary Approval Order.

16. This Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to stockholders.

17. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or Released Persons, or of the validity or infirmity of any Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

18. Information or materials obtained in the Parties' mediation remain confidential, and may not be used or offered in any proceeding for any purpose, and remain subject to the terms and conditions of all applicable confidentiality agreements.

19. The Court reserves the right to hold the Settlement Hearing telephonically or by videoconference without further notice to Sesen Bio stockholders. Any Sesen Bio stockholder (or his, her or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's calendar and/or Sesen Bio's website for any change in date, time or format of the Settlement Hearing. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current Sesen Bio Stockholders. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

DATED: **9-2-2022**

_____
HONORABLE RICHARD G. STEARNS
U.S. DISTRICT JUDGE