UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE SESEN BIO, INC. DERIVATIVE LITIGATION | Lead Case No.: 1:21-cv-11538-RGS |

## ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing on November 8, 2022, to consider approval of the proposed settlement ("Settlement") set forth in the Stipulation of Settlement dated August 22, 2022 (the "Stipulation"), and the exhibits thereto. The Court has reviewed and considered all documents, evidence, objections (if any), and arguments presented in support of or against the Settlement. Good cause appearing therefore, the Court enters this Order and Final Judgment (the "Judgment").

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.  This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction over the subject matter of the Consolidated Action, including all matters necessary to effectuate the Settlement, and over the Parties.

3.  The Court confirms that the form of the notice of the Settlement and the means of dissemination of the notice of the Settlement provided to Current Sesen Bio Stockholders constituted the best notice practicable under the circumstances and fully satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and the requirements of due process.

4.  The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, and further

finds that the Settlement is in the best interests of Sesen Bio and its stockholders.

5. The Consolidated Action and all claims contained therein, as well as all of the Released Claims against Released Persons, are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided below.

6. Upon the Effective Date, Plaintiffs and their Related Persons, Plaintiffs' Counsel, and each of the Current Sesen Bio Stockholders (solely in their capacity as Sesen Bio stockholders) and their Related Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged and dismissed all derivative Released Claims (including Unknown Claims) against the Released Persons, including any and all claims (including Unknown Claims) against the Released Persons asserted in, arising out of, relating to, or in connection with the defense, Settlement, or resolution of the Actions.

7. Upon the Effective Date, Plaintiffs and their Related Persons, Plaintiffs' Counsel, and each of the Current Sesen Bio Stockholders (solely in their capacity as Sesen Bio stockholders) and their Related Persons shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any of the Released Claims (including Unknown Claims) derivatively or any derivative action or other proceeding against any of the Released Persons based on the Released Claims, or any derivative action or proceeding arising out of, relating to, or in connection with the Released Claims or the filing, prosecution, defense, settlement, or resolution of the Actions. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

8. Upon the Effective Date, Sesen Bio, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons.

9. Upon the Effective Date, Sesen Bio shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any of the Released Claims (including Unknown Claims) or any action or other proceeding against any of the Released Persons based on the Released Claims, or any action or proceeding arising out of, relating to, or in connection with the Released Claims or the filing, prosecution, defense, settlement, or resolution of the Actions. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

10. Upon the Effective Date, each of the Released Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Plaintiffs and their Related Persons, Plaintiffs' Counsel, and Current Sesen Bio Stockholders (solely in their capacity as Sesen Bio stockholders) from all claims (including unknown claims), asserted in, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

11. Upon the Effective Date, each of the Released Persons shall be forever barred, estopped, and enjoined from commencing, instituting, or prosecuting any claims (including unknown claims), asserted in, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims or any action or other proceeding based on any claims (including unknown claims), asserted in, arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims against any of Plaintiffs and their Related Persons, Plaintiffs' Counsel, and Current Sesen Bio Stockholders (solely in their capacity as Sesen Bio stockholders)

and their Related Persons. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

12. The Court hereby approves the sum of $630,000 for the payment of Plaintiffs' Counsel's attorneys' fees and expenses ("Fee and Expense Award") and finds that the Fee and Expense Award is fair and reasonable. No other fees, costs, or expenses may be awarded to Plaintiffs' Counsel in connection with the Settlement. The Fee and Expense Award shall be distributed in accordance with the terms of the Stipulation.

13. The Court hereby approves the Service Awards of $2,500 for each of the two Derivative Plaintiffs and for the State Plaintiff to be paid from Plaintiffs' Counsel's Fee and Expense Award in recognition of their participation and effort in the prosecution of the Actions.

14. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (i) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing, liability, or non-liability of the Parties or Released Persons, or of the validity or infirmity of any Released Claims; or (ii) is intended by the Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal, or administrative, other than to enforce the terms therein.

15. Without affecting the finality of the Judgment entered in accordance with the Stipulation, the Court shall retain jurisdiction to implement and enforce the terms of the Stipulation and the Judgment and to consider any matters or disputes arising out of or relating to the Settlement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation and Judgment, and for matters or disputes

arising out of or relating to the Settlement.

16.     Pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, this Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

17.     This Judgment is a final judgment, and the Court finds that no just reason exists for delay in entering the Judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith in accordance with Rule 58 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: 11-8-22

_____
HONORABLE RICHARD G. STEARNS
U.S. DISTRICT JUDGE